IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 25-CR-00122-GKF-2 |
| NICK LEE RAMIREZ and DESTINY RAYLEEN STEWARD, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

This matter comes before the court on the Motion for Bill of Particulars [Doc. 50] of defendant Destiny Rayleen Steward.

Generally, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). If a defendant seeks more definite information about the charges against him or her, the remedy is to file a motion for a bill of particulars. *See United States v. Doe*, 572 F.3d 1162, 1176 (10th Cir. 2009). As recognized by the U.S. Court of Appeals for the Tenth Circuit,

> [t]he purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.

*United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir. 1993) (quoting *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988)). A bill of particulars is not "a discovery device." *Dunn*, 841 F.2d at 1029. A defendant "is not entitled to notice of all of the *evidence* the government intends to produce, but only the *theory* of the government's case." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quoting *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992)); *see also*

*Doe*, 572 F.3d at 1176. A district court has broad discretion in deciding a motion for bill of particulars. *Dunn*, 841 F.2d at 1029.

Ms. Steward seeks a bill of particulars as to Count One of the Indictment, which charges Drug Conspiracy pursuant to 21 U.S.C. §§ 846, 841(b)(1)(B)(ii)(II), and 841(b)(1)(C), and alleges as follows:

> On or about March 26, 2025, in the Northern District of Oklahoma, the defendants, NICK LEE RAMIREZ and DESTINY RAYLEEN STEWARD, knowingly, intentionally, and willfully conspired, confederated, and agreed, together and with others known and unknown to the Grand Jury, to commit the following offenses against the United States:
>
> 1. To possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and
>
> 2. To possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).
>
> All in violation Title 21, United States Code, Sections 846, 841(b)(1)(B)(ii)(II), and 841(b)(1)(C).

[Doc. 37, p. 2].[1]

With respect to Drug Conspiracy, the Tenth Circuit has previously concluded that an "indictment [that] quoted the language of 21 U.S.C. § 846 and included the dates of the illegal activity, the place, and the specific controlled substance" was sufficient and therefore the district court did not abuse its discretion in denying a bill of particulars. *Dunn*, 841 F.2d at 1029-30. Here, the Indictment tracks the language of § 846[2] and includes the date of the illegal activity (March

---

[1] The Indictment includes five other counts against Ms. Steward. *See* [Doc. 37]. However, the motion for bill of particulars is limited to Count One. [Doc. 50, p. 7].

[2] "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846

26, 2025), the place (the Northern District of Oklahoma), and the specific controlled substances at issue (a mixture and substance containing a detectable amount of cocaine, as well as methamphetamine). Thus, the Indictment is sufficient. *Dunn,* 841 F.2d at 1029.

Further, ordinarily, "[a] bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial." *Ivy*, 83 F.3d at 1281 (quoting *Levine*, 983 F.2d at 167). "To prove conspiracy, the government must show: (1) that two or more people agreed to violate the law, (2) that the defendant knew at least the essential objectives of the conspiracy, (3) that the defendant knowingly and voluntarily became a part of it, and (4) that the alleged co-conspirators were interdependent."[3] *United States v. Small*, 423 F.3d 1164, 1183 (10th Cir. 2005); *see also* Tenth Cir. Pattern Criminal Jury Instrs. 2.87. The Indictment alleges that Mr. Ramirez and Ms. Steward "*knowingly* . . . and *willfully* conspired, confederated, and agreed" to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine and methamphetamine, satisfying the first three elements of conspiracy. *See United States v. Bedford,* 536 F.3d 1148, 1156-57 (10th Cir. 2008).

Ms. Steward argues a bill of particulars is required "to inform the defendants of the facts necessary to establish the interdependence of the alleged conspirators so that they may be adequately prepared for trial."[4] [Doc. 50, p. 7]. However, as recently recognized by U.S. District Judge John D. Russell, "[p]roving interdependence and alleging interdependence are two different

---

[3] Drug Conspiracy in violation of 21 U.S.C. § 846 requires the additional element that "the overall scope of the conspiracy involved at least" a specific amount of an enumerated controlled substance. Tenth Cir. Pattern Criminal Jury Instrs. 2.87. The Indictment clearly satisfies this element.

[4] Interdependence "means that the members intended to act for their shared mutual benefit." Tenth Cir. Pattern Criminal Jury Instrs. 2.87; *see also United States v. Evans*, 970 F.2d 663, 671 (10th Cir. 1992) ("What is needed is proof that they intended to act *together* for their *shared mutual benefit* within the scope of the conspiracy charged.").

matters." *United States v. Kirby,* No. 24-CR-214-JDR-3, 2024 WL 4906114, at *1 (N.D. Okla. Nov. 27, 2024). The Tenth Circuit requires that a charging document alleging conspiracy "'contain the essential elements upon which the underlying offense rests,' and those elements 'need not be charged with the same degree of specificity as would ordinarily be required in a prosecution based on the underlying offense.'" *United States v. Wells*, 873 F.3d 1241, 1255 (10th Cir. 2017) (quoting *Bedford,* 536 F.3d at 1156). "With regard to interdependence, so long as the charging document 'describe[s] the interdependent behavior of the coconspirators,' it is sufficient." *Wells,* 873 F.3d at 1255 (quoting *Bedford*, 536 F.3d at 1157).

As previously stated, the Indictment alleges that Mr. Ramirez and Ms. Steward "knowingly, intentionally, and willfully conspired, confederated, and agreed, together and with others known and unknown the Grand Jury" to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, as well as methamphetamine. [Doc. 37, p. 2]. By alleging that the defendants agreed to act together to possess and distribute drugs, the Indictment adequately alleges that defendants "intend[ed] to act *together* for their *shared mutual benefit* within the scope of the conspiracy charged." *Kirby*, 2024 WL 4906114, at *2 (quoting *Evans*, 970 F.2d at 671). Thus, the Indictment sufficiently alleges that defendants acted interdependently. *See Kirby,* 2024 WL 4906114, at *2; *United States v. Conchas,* No. CR-13-2028-JAP, 2013 WL 12212311, at *2 (D.N.M. Dec. 13, 2013). *See also Dunn*, 841 F.2d at 1029 (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)) ("An indictment [for drug conspiracy] need not go further and allege 'in detail the factual proof that will be relied upon to support the charges.'").

Based on the foregoing, the Indictment "contains the elements of the offense charged, putting the defendant[s] on fair notice of the charge against which [they] must defend," and

"enables . . . defendant[s] to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense." *United States v. Meyers,* 95 F.3d 1475, 1485 (10th Cir. 1996). Further, the government states that it disclosed discovery indicating that, in the residence that Ms. Steward shared with Mr. Ramirez, law enforcement found controlled substances, scales, and money in Ms. Steward's closet and, further, varying quantities of cocaine were in plain view in the home's common areas. Additionally, the government has disclosed expert testimony that the residence was consistent with a home serving as a "stash" or "safe" house where drugs are stored for sale. [Doc. 55, p. 8]. Ms. Steward has not shown that the discovery is insufficient to inform her of the charges against her or permit her to prepare her defense. *See United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995). For these reasons, Ms. Steward's motion for a bill of particulars as to Count One of the Indictment is denied.

## Conclusion

WHEREFORE, the Motion for Bill of Particulars [Doc. 50] of defendant Destiny Rayleen Steward is denied.

DATED this 7th day of May, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE